IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JORDAN LEE RAUCH,

      Plaintiff,

v.                                Case No. 2:15-cv-15637

JAMES RUBENSTEIN, WV DOC,
CO II MARTIN, DAVID BALLARD,
CAPTAIN BRIAN PENIC, and
JONATHAN FRAME,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On November 30, 2015, the plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). Also pending before the court is the plaintiff's Letter-Form Request for Judgment by Default (ECF No. 6).

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Letter-Form Request for Judgment by Default (ECF No. 6). By separate Order, the undersigned will address the plaintiff's Application to Proceed Without Prepayment of Fees and Costs and service of process.

**PROCEDURAL HISTORY**

On November 30, 2015, the plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that, on November 8, 2014, defendant Martin opened all pod doors of a maximum security housing unit at the Mount Olive Correctional Complex and allowed another inmate to assault the plaintiff. The plaintiff's allegations against the remaining defendants appear to address their alleged failure to properly supervise and train prison staff. The plaintiff seeks monetary and injunctive relief.

Pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B), because the plaintiff is a prisoner seeking to proceed without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This screening is generally conducted prior to ruling on the Application to Proceed Without Prepayment of Fees and Costs (also known as an Application to Proceed *in forma pauperis*) and before service of process. When *in forma pauperis* status is granted, service of process is performed on the plaintiff's behalf by officers of the court.

However, on January 11, 2016, prior to the court's initial screening of this matter, the plaintiff filed the instant Letter-Form Request for Judgment by Default, claiming that he "has had [no] response since the filing of this case and has made an offer to settle with the insurance provider for the sum of $40,000. . . ." (ECF No. 6 at 1). The plaintiff requests that the court order that a response be given to him within 60 days. (*Id.*)

Because the plaintiff is seeking to proceed *in forma pauperis*, the court is responsible for ordering an officer of the court to attempt service of process on the

defendants, which has not yet been done. Accordingly, the time period in which the defendants are required to respond to the Complaint never began to run.

Rule 55(a) of the Federal Rules of Civil Procedure requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b).

The undersigned proposes that the presiding District Judge **FIND** that a default judgment against the defendants is not presently warranted. The plaintiff's Letter-Form Request for Judgment by Default (ECF No. 6) was filed prior to service of process on any of the defendants and, thus, the defendants have no obligation to "plead or otherwise defend" against the Complaint until they are properly served with process. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's motion is premature, and the plaintiff is not presently entitled to entry of default, a default judgment, or for any summary award of the relief demanded in the Complaint.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Letter-Form Request for Judgment by Default (ECF No. 6).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff.

July 12, 2016

Dwane L. Tinsley
United States Magistrate Judge