IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JORDAN LAWRENCE RAUCH,

        Plaintiff,

v.                                             Case No. 2:15-cv-15637

JAMES RUBENSTEIN, WVDOC,
CO II MARTIN, DAVID BALLARD,
CAPTAIN BRIAN PENIC and
JONATHAN FRAME, MOCC,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court are the defendants' Motion to Dismiss Complaint [ECF No. 14] and the plaintiff's Letter-Form Request to Withdraw or Dismiss Case [ECF No. 18]. By Standing Order, this matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the Court, it is hereby **ORDERED** that the referral of this matter to the Magistrate Judge is **WITHDRAWN** and that the matter is **DISMISSED WITH PREJUDICE**.

I. The Plaintiff's Allegations

On November 30, 2015, the plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that on November 8, 2014, defendant Martin opened all pod doors of a

maximum security housing unit at the Mount Olive Correctional Complex and allowed another inmate, Larry Cantrell, to assault the plaintiff. The plaintiff's allegations against the remaining defendants appear to address their alleged failure to properly supervise and train prison staff. The plaintiff seeks monetary damages and injunctive relief.

## II. Standard of Review

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly in Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

2

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Twombley*, 556 U.S. at 678–79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678. The defendants' Motion to Dismiss will be reviewed under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the *Twombly/Iqbal* standard.

## II. Discussion

Both the defendants' Motion to Dismiss and the plaintiff's Motion to Withdraw or Dismiss Case agree that the matters addressed in the plaintiff's Complaint are subject to a prior "Release of All Claims" executed by the plaintiff on April 1, 2016, as part of the settlement of a claim filed in the West Virginia Court of Claims arising out of the same factual circumstances.[1] Thus, the defendants' Motion seeks dismissal of the instant Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure based upon accord and satisfaction.

---

1 The defendants' Memorandum of Law indicates that the "Release of All Claims" addressed an incident that occurred on November 30, 2014, rather than November 8, 2014. However, the parties appear to agree that this was the same incident and that the allegations in the Complaint are subject to the Release.

As noted in the defendants' Memorandum of Law in support of their Motion to Dismiss, West Virginia law recognizes the common law doctrine of accord and satisfaction by which "a debt is satisfied and the debtor released from liability when a creditor accepts partial or substituted performance of a disputed claim in the place of the original debt." Mem. Law Supp. Defs.' Mot. Dismiss 4–5 (citing *Delbert v. Gorby*, 2011 WL 4527351, 2011 U.S. Dist. LEXIS 112101, at *11 (N.D. W. Va. Sept. 28, 2011) (citation omitted); *Richard v. Kees*, 572 S.E.2d 898 (W. Va. 2002); *Painter v. Peavy*, 451 S.E.2d 755 (W. Va. 1994); *Charleston Urban Renewal Auth. v. Stanley*, 346 S.E.2d 740 (W. Va. 1985)). Their Memorandum of Law further states:

> An accord and satisfaction is a method of discharging a claim whereby the parties agree to give and accept something in settlement of the claim and then perform the agreement, and it must have all of the elements of a valid contract. The elements of a contract are an offer and acceptance supported by consideration. The offer is made in an accord and satisfaction when one party offers to settle an unliquidated debt. The acceptance must be made by the other party intelligently, realizing the consequences of his act and with full knowledge of the relevant facts in order for the accord to be enforceable. Where payment is made by check, unless there is a specific agreement that the check itself shall constitute payment, then the acceptance shall not be complete until the check is negotiated or held for an unreasonable period of time.

*Id.* at 6 (citing *McCormick v. Hamilton Bus. Sys.*, 332 S.E.2d 234, 236 n.1 (W. Va. 1985)). The defendants further emphasize that the language of the release signed by the plaintiff makes clear (1) what the payment of the $176.00 was for, (2) what liability, claims, and damages were being released, and (3) that such payment and release applied to release any and all claims against the defendants arising out of the November 2014 assault of the plaintiff by inmate Cantrell. *Id.* at 5-6.

On August 29, 2016, the plaintiff filed his Letter-Form Motion, indicating his agreement to dismiss this matter with prejudice as a result of the prior settlement. The plaintiff further requests that he not be required to pay the applicable filing fee.

I **FIND** that the instant Complaint is barred by the doctrine of accord and satisfaction in light of the prior settlement of the plaintiff's claim before the West Virginia Court of Claims. Additionally, although the court previously granted the plaintiff's Application to Proceed Without Prepayment of Fees and Costs and ordered that the applicable filing fee be paid in installments, it appears that, presently, no installment payments have been received.

## IV. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that the defendants' Motion to Dismiss Complaint [ECF No. 14] and the plaintiff's Letter-Form Motion to Dismiss Case [ECF No. 18] are **GRANTED**, and the plaintiff's Letter-Form Motion to Withdraw Case is **DENIED AS MOOT**. It is further **ORDERED** that this civil action is **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that the filing fee herein is waived and plaintiff shall not be required to pay any installments thereon. This ruling has no effect on any other litigation previously or subsequently instituted by the plaintiff in this or any other federal court.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 21, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE